COMMONWEALTH *vs.* JAMES RONAN.

Norfolk.   Nov. 25. — 26, 1878.   COLT & MORTON, JJ., absent.

At the trial, on appeal, of a complaint charging the defendant with keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, the conviction of the defendant must be of the same offence of which he was convicted in the court below, but need not be upon the same evidence.

COMPLAINT to the District Court of East Norfolk, on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining on January 1, 1878, and on divers other days between that day and July 22, 1878, a certain tenement in Weymouth, used for the illegal sale and illegal keeping of intoxicating liquors, the same being a common nuisance.

At the trial in the Superior Court, before *Brigham,* C. J., there was evidence tending to show that intoxicating liquor was kept and sold by the defendant, from January 1, 1878, to the middle of June, 1878, in one tenement, and from that time to July 22, 1878, in another tenement, which was separate and distinct from the first, and to which the defendant removed about the middle of June. The defendant contended that he could not be convicted; that the government must at least elect as to which tenement it would rely upon, if there could be an election; and that there could be no election, the offence being charged as a continuing offence; and asked the judge so to rule. But the judge ruled that the government could elect; and the government thereupon elected to rely upon evidence relating to the second tenement.

The only evidence introduced after this election related solely to the keeping of the second tenement. There was some evidence that testimony was given in the District Court as to the defendant's keeping the first tenement as well as the second; and that no witness there testified that the defendant removed from the first tenement by the middle of June, or occupied more than one tenement from January 1 to July 22.

The defendant asked the judge to rule as follows: "1. There can be no conviction on the complaint. 2. The defendant can only be tried and convicted in the Superior Court for the keeping of

the same tenement for the keeping of which he was tried and convicted in the District Court. 3. The defendant can only be tried in the Superior Court for keeping that tenement which the complainant had in his mind when he made the complaint. 4. While the presumption is that the defendant is on trial for the same offence, the allegation in the complaint from January 1, 1878, to July 22, 1878, is competent evidence for the jury to consider in deciding whether the defendant was being tried for the same offence of which he was convicted in the District Court."

The judge refused so to rule; and instructed the jury as follows: "The defendant can be convicted of that offence only of which he was convicted upon the present complaint in the court below; but the presumption is, that, if the offence now proved and the offence described in the complaint correspond, the offence proved in this court and the offence of which the defendant was convicted in the court below are the same. The conviction of the defendant in the court below was of keeping a tenement during some part of the time between January 1 and July 22, 1878. If the evidence offered at this trial is of the same offence testified of on the trial of the defendant on this complaint in the court below, and more specifically applies to a tenement kept by the defendant from the middle of June to July 22, 1878, that fact tends to prove that the defendant's conviction in that court was of the offence of keeping that tenement." The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. The defendant has no ground of exception to the proceedings and instructions at the trial. His conviction in both courts must be of the same offence, but need not be upon the same evidence. *Commonwealth* v. *Fields*, 119 Mass. 105. *Commonwealth* v. *Crawford*, 9 Gray, 129.

*Exceptions overruled.*