COMMONWEALTH *vs.* OWEN RAFFERTY.

Middlesex.    November 27. — 28, 1882.    LORD & DEVENS, JJ., absent.

At the trial of a complaint for maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, if the defendant relies upon a license as a justification, the burden is upon him, under the Pub. Sts. c. 214, § 12, to prove a license which is broad enough to authorize the acts complained of.

COMPLAINT to the First District Court of Eastern Middlesex, for keeping and maintaining a common nuisance, to wit, a certain tenement in Stoneham used for the illegal sale and illegal keeping of intoxicating liquors, on March 1, 1881, and on divers other days and times between that day and July 11, 1881.

At the trial in the Superior Court, before *Brigham,* C. J., the government proved sales of whiskey in said March, and sales of beer during the time covered by the complaint.

It was agreed by the government that the defendant had a license to sell liquors, which was in force on March 1, 1881, and expired on May 1, 1881; but there was no evidence as to which class of licenses it belonged.

The defendant asked the judge to instruct the jury, " that, upon this evidence, they had a right to presume and find that the license covered all sales made before May 1st, and the burden of proof and presumption shifted, and was then upon the government to satisfy them that the sales were in violation of law and not covered by the license."

The judge refused to give the instruction requested, and instructed the jury as follows: " It is agreed that the defendant had a license which expired on May 1st, but it is not agreed as to which class of licenses provided by law the defendant's license belonged.    The burden of proving a justification of the sales of

intoxicating liquor, which have been put in evidence on the part of the Commonwealth, is upon the defendant. The fact of a license, without any evidence of the class of licenses to which that license belonged, does not in and of itself raise a presumption that the defendant had a license which authorized or justified him in making the sales in evidence."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. V. Lynde,* for the defendant.

*G. Marston,* Attorney General, *& C. H. Barrows,* Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. Under the Pub. Sts. *c.* 214, § 12,* when acts apparently criminal have been proved in support of an indictment, and the defendant relies upon a license as a justification, the duty rests on him of proving a license which is broad enough to authorize the particular acts complained of. It is not sufficient for him to make it appear that he held some license; he must prove a license which is sufficient for his justification.                    *Exceptions overruled.*

---

* "In all criminal prosecutions in which the defendant relies for his justification upon any license, appointment or authority, he shall prove the same; and, until such proof, the presumption shall be that he is not so authorized."