COMMONWEALTH *vs.* HENRY S. COOLIDGE.

Norfolk.   Nov. 24. — Dec. 1, 1884.   FIELD, C. ALLEN, & COLBURN, JJ.,
                                 absent.

At the trial of a complaint for keeping and maintaining a common nuisance, the
    evidence for the government tended to show that two persons went into an
    apothecary shop kept by the defendant, and asked him for soda; that he asked
    them what syrup they would have, and one of them said, "Whiskey;" and that
    the defendant then delivered to them two drinks of soda and whiskey, for which
    one of them paid. *Held,* that it could not be said, as matter of law, that there
    was not sufficient evidence to warrant a verdict of guilty.

COMPLAINT to the District Court of East Norfolk, for keeping
and maintaining a common nuisance, to wit, a certain tenement
in Holbrook used for the illegal sale and illegal keeping of
intoxicating liquors, on July 1, 1883, and on divers other days
and times between that day and April 26, 1884.

At the trial in the Superior Court, before *Staples* J., the
government offered evidence tending to show that one Delano
and one McNiell went into an apothecary shop kept by the
defendant in Holbrook, on July 4, 1883, and asked the defend-
ant for soda; that the defendant asked them what syrup they
would have, and Delano said, "Whiskey;" and that the defend-
ant then delivered to them two drinks of soda and whiskey, for
which Delano paid. This was all the evidence offered; and the
defendant asked the judge to rule that it was not sufficient to
warrant a conviction. But the judge declined to rule as re-
quested, and submitted the case to the jury under instructions
not excepted to.

The jury returned a verdict of guilty; and the defendant
alleged exceptions.

*J. L. Eldridge,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, for the Common-
wealth.

BY THE COURT. It cannot be held, as matter of law, that
there was not sufficient evidence in this case to justify the ver-
dict of the jury. While a single sale of intoxicating liquor might
not be sufficient evidence to prove that the defendant kept a
nuisance under the statute, yet the sale may be made under
such circumstances as to indicate that it was made in the course

of the defendant's usual business. In this case, it was proved that the defendant kept an apothecary shop, and sold whiskey therein to one Delano; it was for the jury to say whether, from the circumstances of the sale, from the manner in which Delano and his companion called for the whiskey, and from the readiness with which the defendant supplied it, without any hesitation or question, it was fairly to be inferred that he was in the habit of selling intoxicating liquor in his shop.

*Exceptions overruled.*