## COMMONWEALTH vs. WINFIELD H. TABOR.

Middlesex. Nov. 24, 1884. — Jan. 7, 1885. FIELD, C. ALLEN, & COLBURN, JJ., absent.

A person, who has a license of the first class for the sale of intoxicating liquors to be drunk on the premises, may be convicted of keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, upon proof of two sales of such liquors to minors, and one sale to an intoxicated person.

COMPLAINT to the Third District Court of Eastern Middlesex, for keeping and maintaining a common nuisance, to wit, a certain tenement in Cambridge, used for the illegal sale and illegal keeping of intoxicating liquors, on January 1, 1884, and on divers other days and times between that day and May 8, 1884. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

The government introduced evidence tending to show that the defendant, on April 26, 1884, in his saloon in Cambridge, where he had a license of the first class to sell intoxicating liquors, sold to each of two minors a glass of lager beer, which was then and there drunk by him; and that, at the same place, on the same day and about the same time, a person in his employ, in his presence, sold a glass of whiskey to an intoxicated person, who then and there drank the same. The defendant, and two persons, who appeared to be the only persons in his employ on said day, testified, denying the fact of each of said sales; and the defendant further introduced evidence tending to show that he had a license as a common victualler at his said saloon.

The defendant asked the judge to instruct the jury as follows: " 1. If the defendant had a license to keep and sell intoxicating liquors during the entire period covered by the complaint, in the tenement mentioned, the verdict must be not guilty. 2. It is not enough to prove that the defendant had on one or two occasions sold intoxicating liquors illegally in a tenement in which he was licensed to sell, but it must be proved that the defendant kept and maintained the tenement, and used it for the illegal keeping or illegal sale of intoxicating liquors, to warrant a

verdict of guilty. 3. If the defendant had a license to sell intoxicating liquors in the tenement mentioned in the complaint, he cannot be convicted of keeping a tenement used for the illegal keeping of intoxicating liquors during the time covered by the license. 4. If the defendant had a license to sell intoxicating liquors in the tenement mentioned in the complaint, he cannot be found guilty under this complaint for not complying with the terms of said license."

The judge declined to give these instructions; but instructed the jury that, if the premises mentioned in the complaint were in the defendant's possession and control, and were used by him for any period of the time covered by the complaint for the illegal sale or illegal keeping of intoxicating liquors, or if he used the premises, having control of them, for the illegal keeping for sale of intoxicating liquors, and made only a single sale, or if he used the premises for the purpose of violating the conditions of his license, he was guilty; that it was not enough that a man intended to commit an offence, he must commit it; and that, if he kept liquors which he intended to sell contrary to law, though he did not sell, he was guilty.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*I. W. Richardson*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

HOLMES, J. The defendant presents no argument in support of his first three requests. It is obvious that the first and third were wrong. *Commonwealth* v. *Rafferty*, 133 Mass. 574. *Commonwealth* v. *Rogers*, 135 Mass. 536.

The second ruling asked for is ambiguous, but, read in a literal sense, is not correct, and it was likely to mislead the jury. It was enough to prove one or two illegal sales, if the jury drew the inference that the defendant kept and used the building for the purpose of such sales, as it is assumed in the instructions given that they must do in order to convict. *Commonwealth* v. *Greenen*, 11 Allen, 241.

The fourth request was too broad. The defendant could be found guilty on evidence that he disregarded the terms of his license in the way testified to, if the jury drew the inference that

the premises were kept and used for that purpose. The instructions required the jury to find that the defendant used the premises for the purpose of violating his license.

No error has been pointed out in the instructions given. Keeping liquors with intent to sell them contrary to law is an illegal keeping. Pub. Sts. *c.* 100, § 1. *Commonwealth* v. *Sprague,* 128 Mass. 75. And such illegal keeping in the premises was a use of the premises for illegal keeping, within the Pub. Sts. *c.* 101, § 6. *Exceptions overruled.*