## COMMONWEALTH *vs.* ROBERT PATTERSON.

Middlesex.   Nov. 24, 1884. — Jan. 7, 1885.   FIELD, C. ALLEN, & COLBURN, JJ., absent.

At the trial of a complaint for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, it appeared that the defendant had a license of the first class to sell such liquors to be drunk on the premises; and the evidence for the government tended to show two sales of liquors by the defendant, which were carried away from the premises by the buyer.  The judge instructed the jury, that, if the defendant was the proprietor of the premises, and made either of the sales testified to, they must return a verdict of guilty.  *Held,* that the instruction was erroneous.

COMPLAINT to the Third District Court of Eastern Middlesex, for keeping and maintaining a common nuisance, to wit, a certain tenement in Cambridge, used for the illegal sale and illegal keeping of intoxicating liquors, on January 1, 1884, and on divers other days and times between that day and May 8, 1884.   Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows :

The government introduced evidence tending to show that, on April 23, 1884, the defendant was the proprietor of a saloon in Cambridge, and sold in his saloon, where he held a license of the first class to sell liquors to be drunk on the premises, one pint of ale to a man; that the same was put into a pitcher by the defendant and carried away by the man; that, on April 30, 1884, the defendant sold in his saloon one pint of beer to a

boy thirteen years old; and that the same was put into a can by the defendant and carried away by the boy.

The defendant introduced evidence tending to contradict that of the government; and also to show that he had a common victualler's license on said premises.

The defendant asked the judge to instruct the jury, that if the defendant had a license to keep and sell intoxicating liquors during the entire period covered by the complaint in the tenement mentioned therein, the verdict must be not guilty; that if the defendant simply kept the place for the purpose of making illegal sales of intoxicating liquors, the verdict must be not guilty, unless it was proved that he made illegal sales therein; that if the defendant had a license to sell intoxicating liquors in the tenement mentioned in the complaint, he could not be convicted of keeping a tenement used for the illegal keeping of intoxicating liquors during the time covered by his license; and that, if the defendant had a license to sell intoxicating liquors in the tenement mentioned in the complaint, he could not be found guilty under this complaint for not complying with the terms of said license.

The judge declined to instruct the jury as requested; and instructed them that, if the defendant was the proprietor of the saloon in question, and sold the ale and beer, or either of them, not to be drunk on the premises, as the evidence tended to show, or if they found that the defendant, at any time during the time covered by the complaint, kept intoxicating liquors in that saloon which he intended to sell in violation of his license, they would find him guilty; otherwise, they would acquit him.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*I. W. Richardson,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

HOLMES, J.    The jury were instructed that, if the defendant was proprietor of the saloon, and made either of the two illegal sales that were testified to, they must return a verdict of guilty. This went too far.    For, even if a single sale was sufficient evidence to warrant a conviction on this complaint, it certainly did not of itself constitute the offence set forth, or amount to more

than evidence for the jury on which they might convict. A building cannot be said to be "used" for the illegal sale of intoxicating liquors, within the meaning of the Pub. Sts. *c.* 101, § 6, which makes it a nuisance, nor can the proprietor be said to "keep or maintain such common nuisance" within § 7, on the strength of a single casual sale, made without premeditation, in the course of a lawful business. Not only do the words "used" and "keep or maintain" import a certain degree of permanence, but the same idea *is* usually *a* part of *the* conception of *a* nuisance. .            *Exceptions sustained.*