COMMONWEALTH *vs.* OWEN MURRAY.

Middlesex.    Jan. 30. — Feb. 27, 1885.    DEVENS, W. ALLEN, & COLBURN, JJ., absent.

A person may be convicted of keeping and maintaining a common nuisance, under the Pub. Sts. *c.* 101, §§ 6, 7, upon evidence of illegal sales of intoxicating liquors, although he has a license for the sale of such liquors.

COMPLAINT to the Second District Court of Eastern Middlesex, for keeping and maintaining a common nuisance, to wit, a tenement in Watertown, used for the illegal sale and illegal keeping of intoxicating liquors, on June 20, 1884, and on divers other days and times between that day and July 19, 1884. Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions, in substance as follows :

It appeared in evidence that the defendant held a license of the fourth class, to sell liquors of any kind not to be drunk on

the premises; which license, during the time specified in the complaint, had not been declared void, or revoked.

There was evidence tending to show that, on one occasion, a minor purchased ale; that, on another occasion, lager beer was sold and drunk on the premises; that, on one Sunday, thirty or forty persons were seen to enter a passageway in the rear of said premises; and that, on certain occasions, persons were seen drunk in the neighborhood. There was no direct evidence showing that any persons entered the defendant's premises, or that any sales had been made, on the Lord's day.

The defendant asked the judge to rule as follows:

" 1. The defendant having a license to sell intoxicating liquors in the town of Watertown, and being legally authorized to keep and to sell the same, cannot be convicted of keeping and maintaining a common nuisance on the proof of a sale, even though in violation of the license. 2. To convict a person holding a license of keeping and maintaining a common nuisance, the place must have been commonly resorted to for illegal purposes; the violation of law must have been a customary thing or habit. 3. A person holding a license to sell intoxicating liquor cannot be convicted of keeping and maintaining a common nuisance until some court of competent jurisdiction, or the board granting said license, has either declared said license void, revoked, or forfeited. 4. The jury must be satisfied that the defendant was keeping with intent to sell, or was selling, intoxicating liquor without license or authority, and he cannot, on proof of the violation of the conditions of his license, be convicted of keeping and maintaining a common nuisance."

The judge declined to give the instructions requested, and instructed the jury that the defendant could not be convicted of keeping and maintaining a common nuisance on the proof of a single violation of any of the conditions of his license; that the jury must be satisfied that the violation of such conditions was habitual, and that a single act did not constitute a habit, but a habit might be inferred from the method and circumstances attending a single act, if these methods and circumstances indicate prearrangement and system for doing such acts; and that if, during any substantial portion of the period of time alleged in the complaint, the defendant, having there a license of the

fourth class only to sell intoxicating liquors in a specified place in Watertown, habitually, in that place, kept intoxicating liquors for sale and sold intoxicating liquors in violation of the conditions of that license, the license would not protect such keeping for sale, or sale, and the same would be unlawful so far as it was in violation of his license, and the defendant might be convicted therefor upon this complaint.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*T. J. Gargan*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

HOLMES, J. The fact that the defendant had a license did not make it impossible for him to use his tenement for the illegal keeping or sale of intoxicating liquors, and thus to keep or maintain a common nuisance. While it is true that a single sale which is illegal, because not within the license, does not constitute or necessarily prove the offence, *Commonwealth* v. *Patterson, ante*, 498, it is settled that a person may be convicted of keeping and maintaining a common nuisance under the Pub. Sts. *c.* 101, §§ 6, 7, on evidence of such illegal sales, although he has a license. *Commonwealth* v. *Tabor, ante*, 496. *Commonwealth* v. *Rogers*, 135 Mass. 536. *Commonwealth* v. *Rafferty*, 133 Mass. 574. This is the only question argued. The instructions requested, so far as correct or pertinent, were covered by those given by the court.

*Exceptions overruled.*