## COMMONWEALTH *vs.* JOHN McNEFF.

Middlesex.  Nov. 22, 1887. — Jan. 2, 1888.  DEVENS & W. ALLEN, JJ., absent.

On a complaint for keeping and maintaining a tenement used for the illegal keeping and sale of intoxicating liquors, if illegal sales on two different days are proved, the element of the continuing use of the tenement for that purpose, which would not necessarily follow from one sale, may be inferred by the jury.

At the trial of a complaint for keeping and maintaining a tenement used for the illegal keeping and illegal sale of intoxicating liquors, it appeared that the defendant had a license of the first class to sell intoxicating liquors. There was

evidence of sales made by the defendant to a person known by him to be a
drunkard, and that at the trial of another case the defendant testified that he
knew that this person had frequently been intoxicated, but had never sold to
him when intoxicated, but only when he was not intoxicated. The judge in-
structed the jury that they must be satisfied that the defendant knew that this
person was a drunkard, or that he had been intoxicated within six months.
The judge further instructed the jury that evidence of sales to a person who
was a drunkard or a person intoxicated, and known to the defendant to be in-
toxicated, would be evidence on which the jury might convict, but omitted to
state the requirement of the Pub. Sts. c. 100, § 9, cl. 4, that the person must be
"known to be a drunkard." The judge's attention was not called to this omis-
sion. Held, that the defendant had no ground of exception to the rulings given.

At the trial, on appeal, of a complaint for keeping and maintaining a tenement
used for the illegal sale and illegal keeping of intoxicating liquors, the convic-
tion of the defendant must be of the same offence of which he was convicted in
the court below, but need not be upon the same evidence.

At the trial of a complaint for keeping and maintaining a tenement used for the
illegal sale and illegal keeping of intoxicating liquors, evidence of illegal sales
of such liquors was admitted, and the defendant's bill of exceptions did not
show whether they were made during the time included in the complaint. Held,
that the defendant showed no ground of exception.

COMPLAINT, to a trial justice, on the Pub. Sts. c. 101, §§ 6, 7,
for keeping and maintaining a common nuisance, to wit, a tene-
ment in Hopkinton, used for the illegal sale and illegal keeping
of intoxicating liquors, on May 1, 1886, and on divers other days
and times between that day and November 1, 1886.

Trial in the Superior Court, on appeal, before *Bacon*, J., who
allowed a bill of exceptions, in substance as follows:

It was agreed that the defendant had a license of the first class
to sell liquors to be drunk on the premises.

The government put in evidence tending to prove one sale at
five o'clock in the morning of July 3, 1886, and another sale
made at about the same hour on July 4, 1886, which was on
Sunday. This was the evidence on which the defendant was
convicted before the trial justice.

The government also offered evidence of sales made to one
O'Brien, a person who testified that he had been a drunkard
during the past year, that he had been convicted several times
of drunkenness during the same period, and that he was known
to have been a drunkard by the defendant.

The defendant objected to this evidence, on the ground that it
was not evidence of the same offence of which he was convicted
before the trial justice. The judge ruled that the evidence was

admissible as tending to prove the offence alleged in the complaint. To this ruling the defendant excepted.

There was evidence that in the trial of another case, in October, 1886, the defendant testified that he knew said O'Brien had frequently been intoxicated, but that he had never sold to him when he was intoxicated, although he had sold to him when he was not intoxicated.

The defendant objected to the admission of this testimony, on the ground that there was nothing to show that it referred to the time mentioned in the complaint. · The judge ruled that the evidence was admissible, but that the jury must be satisfied that the defendant knew he was a drunkard, or that he had been intoxicated within six months; and the defendant excepted.

The defendant asked the judge to instruct the jury, that a building cannot be said to be used for the illegal sale of intoxicating liquors, within the meaning of the Pub. Sts. c. 101, § 6, which makes it a nuisance, nor can the proprietor be said to keep or maintain such common nuisance, within § 7, on the strength of casual sales made without premeditation in the course of a lawful business; and that not only do the words "keep or maintain" import a certain degree of permanence, but the same idea is usually a part of the conception of a nuisance.

The judge refused so to rule, and instructed the jury that "evidence of more than one sale of intoxicating liquors by the defendant contrary to the terms of his license would be evidence for the jury to consider upon the question whether he kept a nuisance, and that evidence of one sale would not be sufficient to convict the defendant. Evidence of sales to a person who was a drunkard, or a person intoxicated and known to the defendant to be intoxicated, would be evidence on which the jury might convict the defendant if he kept the premises for the purpose of making such sales."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*P. J. Doherty,* for the defendant, cited *Commonwealth* v. *Adams,* 4 Gray, 27; *Commonwealth* v. *Patterson,* 138 Mass. 498, 500.

*A. J. Waterman,* Attorney General, for the Commonwealth.

HOLMES, J. 1. *Commonwealth* v. *Patterson*, 138 Mass. 498, did not decide that even a single illegal sale might not be evidence of maintaining a liquor nuisance, (*Commonwealth* v. *Coolidge*, 138 Mass. 193,) but simply that a single sale, made it might be casually and without premeditation, could not be said necessarily, and as matter of law, to make the seller guilty of maintaining such a nuisance. If illegal sales on two different days were proved, the element of the continuing use of the building for that purpose, which would not necessarily follow from one sale, would be inferred more easily, and might be inferred by the jury. *Commonwealth* v. *Tabor*, 138 Mass. 496. *Commonwealth* v. *Murray*, 138 Mass. 508. The ruling of the court on this point was sufficiently favorable to the defendant.

There was an oversight in the instruction that " evidence of sales to a person who was a drunkard, or a person intoxicated and known to the defendant to be intoxicated, would be evidence, " &c., as it did not explicitly require that the drunkard should be " known to be a drunkard." Pub. Sts. *c.* 100, § 9, *cl.* 4. But an important part of the evidence was admitted, as we understand it, partly at least, for the purpose of showing that the defendant knew that a person to whom he sold was a drunkard, and the jury were then told that they must be satisfied that the defendant knew it. The defendant's knowledge seems to have been one of the controversies in the case ; and, as the judge's attention was not called to this slip of language, we think it fair to assume that the words " known to the defendant to be intoxicated " were understood to extend the requirement of knowledge by implication to the case of the drunkard also, or at least that the omission was not understood to overrule the requirement of knowledge which had been laid down before, and which the whole course of the case had shown to be insisted on as material.

2. The exceptions do not show when the sales to O'Brien took place. We infer that they were not the same sales which were proved before the trial justice ; but if, as may be presumed, they were sales within the time during which the defendant is alleged in the complaint to have maintained the nuisance, they tended to establish the same offence of which the defendant was convicted below. *Commonwealth* v. *Ronan*, 126 Mass. 59. The

sales were not the offence, as in *Commonwealth* v. *Blood*, 4 Gray, 31; but only evidence of the offence. But if the sales had been before the time laid in the complaint, they would have been admissible, so far as appears, upon the question whether the defendant kept the house. *Commonwealth* v. *Kelley*, 116 Mass. 341.

3. The evidence that the defendant testified in another case, in October, 1886, "that he knew said O'Brien had frequently been intoxicated, but that he had never sold to him when he was intoxicated, although he had sold to him when he was not intoxicated," was admissible as tending to show that the defendant knew that O'Brien was a drunkard between May 1 and November 1, 1886, if the other testimony showed sales to O'Brien during that time, which must be presumed, if material, against the excepting party. But if the sales to O'Brien were not made at that time, still, so far as appears, the evidence was admissible " as tending to show, in the absence of any apparent change, the nature of the defendant's continuous occupancy of the premises as keeper." *Commonwealth* v. *Carney*, 108 Mass. 417.

*Exceptions overruled.*