## COMMONWEALTH *vs.* HENRY T. PURDY.

Norfolk.　April 2, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Common Nuisance — Trial Justice — Jurisdiction —*
*Motion to Quash — Evidence — Admission.*

A trial justice has final jurisdiction under the Pub. Sts. c. 155, § 53, of the offence of keeping and maintaining a common nuisance under the Pub. Sts. c. 101, §§ 6, 7.

A motion, on an appeal in the Superior Court, to quash a complaint to a trial justice for formal defects only, is filed too late.

At the trial of a complaint for keeping and maintaining such a nuisance, evidence that the defendant promised the complainant, three or four months before the time alleged, that he would not sell any more liquor if the complainant would go no further with another complaint then pending, was admitted, on the ground that it appeared that the defendant occupied the premises described in the complaint before and since the date of the alleged promise. *Held*, that the admission, if any, implied from the promise not to sell any more liquor, did not warrant a presumption that the illegal selling continued, and that the evidence was inadmissible.

COMPLAINT under the Pub. Sts. c. 101, §§ 6, 7, by Timothy Ide, dated June 20, 1887, to Nathan A. Cook, a trial justice for the county of Norfolk, alleging that the defendant, at Medway, from November 1, 1886, to June 12, 1887, "did keep a certain building, to wit, a certain dwelling-house, a saloon being kept therein, the same being a place of public resort, the premises being kept by the said Henry T. Purdy for the illegal sale and illegal keeping of intoxicating liquors, and so the complainant saith that said Henry T. Purdy did then and there maintain a common nuisance."

In the Superior Court, on appeal from a sentence by the trial justice to a fine and imprisonment in the house of correction, the defendant, for the first time, moved to quash the complaint, for the following reasons: 1. Because no jurisdiction was legally conferred on the trial justice, from whose judgment and sentence the appeal in this case was taken, to take final jurisdiction of said complaint, and to try and pass sentence on said defendant for the offence therein set forth, and so this court hath no

jurisdiction of said complaint on appeal. 2. Because it is not alleged in said complaint that the building therein mentioned was used for the illegal keeping or sale of intoxicating liquors. 3. Because the place is not alleged with sufficient certainty. *Pitman,* J., overruled the motion.

At the trial, the complainant was called as a witness by the government, and testified that in July, 1886, he had a conversation with the defendant, in which the defendant told him that, if he would go no further with a complaint then pending against him for the violation of the law relating to intoxicating liquors, he, the defendant, would not sell any more. The defendant seasonably objected to this evidence, but, it appearing that the defendant occupied the premises mentioned in the complaint on trial before and since the date of the conversation, the judge admitted the evidence. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. D. Ely & C. G. Keyes,* for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

HOLMES, J. This was a complaint under the Pub. Sts. c. 101, §§ 6, 7. The trial justice had final jurisdiction by the express words of the Pub. Sts. c. 155, § 53. The objections raised by the motion to quash are merely formal. No doubt the technically correct allegation would have been that the premises were used for the illegal sale, etc. of intoxicating liquors. *Commonwealth* v. *Carolin,* 2 Allen, 169. *Commonwealth* v. *Welsh,* 1 Allen, 1. But the allegation that they were "kept" for those purposes indicated the offence intended to be charged with sufficient practical certainty to secure the defendant from injustice, and to throw upon him the burden of taking the objection before judgment was rendered by the trial justice. Pub. Sts. c. 214, § 25.

The evidence of the conversation with Ide, between three and four months before the offence charged, was not admitted to prove that the defendant occupied the premises, (*Commonwealth* v. *McNeff,* 145 Mass. 406, 410,) because the bill of exceptions states that it was admitted on the ground that it appeared that the defendant did occupy them. If then we assume that the conversation related to sales in the building referred to in the complaint, still, standing by itself, it would not warrant a pre-

sumption or inference that subsequently, at the time laid in the complaint, the building was used for the purpose of illegal sales. The defendant did not express an intent to sell, as in *Commonwealth* v. *Davenport*, 2 Allen, 299, but, on the contrary, made a conditional promise to stop selling. It is true that such a promise may be construed to admit by implication that the premises are then used for the illegal purpose ; but, for all that appears, the condition of the promise was performed, and the promise kept. An admission which is only implied from a promise not to do so any more, does not warrant a presumption that the speaker continued in his illegal course.          *Exceptions sustained.*