COMMONWEALTH *vs.* JOHN HAYES.

Norfolk. November 25, 1889. — January 2, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — License — Common Nuisance — Single Sale to Minor.*

A person licensed to sell intoxicating liquors cannot be convicted of keeping and maintaining a common nuisance, to wit, a tenement used for the illegal sale and keeping of such liquors, upon evidence of a single sale only to a minor. ·

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement in Randolph used for the illegal sale and illegal keeping for sale of intoxicating liquors from. May 1 to October 4, 1888. Trial in the Superior Court, before *Pitman,* J., who, after a verdict of guilty, allowed exceptions, which, so far as material to the point decided, appear in the opinion.

*J. E. Cotter* & *C. F. Jenney,* for the defendant.

*A. J. Waterman,* Attorney General, & *H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

FIELD, J. The complaint is for keeping and maintaining a tenement used for the illegal keeping and the illegal sale of intoxicating liquors. Pub. Sts. c. 101, §§ 6, 7. The defendant

had licenses of the first and fourth classes, and also a common victualler's license. There was evidence that on one occasion the defendant sold whiskey to one Foster, when he was in company with two adult persons named Hopkins and Ayers. Ayers and several other witnesses testified that they did not know Foster's age, but that they did not think he was over eighteen years of age, and they described his appearance, but "there was no direct or positive evidence of his age given." Foster was not called as a witness, and it did not appear that the Commonwealth could not have called him. "The defendant testified that he intended to live within the terms of his licenses," and he "denied having sold any liquor to Foster, though upon cross-examination he testified that, if Foster had called for liquor, he would have sold it to him, because he appeared to be over twenty-one years of age." The exceptions also state that "the Commonwealth relied upon the alleged sale to Foster, and the inference to be drawn therefrom to secure the conviction of the defendant."

Unless the defendant used his tenement for keeping intoxicating liquors to be sold to minors, or for selling intoxicating liquors to minors, he could not be convicted. The fact that intoxicating liquors were there kept· for sale, and were there sold to other persons, had no tendency to prove this, because the defendant was authorized to keep and sell intoxicating liquors there, to be drunk on the premises. In this respect the case is to be distinguished from *Commonwealth* v. *Coolidge,* 138 Mass. 193. A sale of intoxicating liquor to a minor is an illegal sale, although the seller does not know or believe that the purchaser is a minor. *Commonwealth* v. *Emmons,* 98 Mass. 6. *Roberge* v. *Burnham,* 124 Mass. 277. *Commonwealth* v. *Finnegan,* 124 Mass. 324. *Commonwealth* v. *Uhrig,* 138 Mass. 492. *Commonwealth* v. *Murray,* 138 Mass. 508. *Commonwealth* v. *Julius,* 143 Mass. 132.

In *Commonwealth* v. *Patterson,* 138 Mass. 498, it was said that "a building cannot be said to be 'used' for the illegal sale of intoxicating liquors, within the meaning of Pub. Sts. c. 101, § 6, which makes it a nuisance, nor can the proprietor be said to 'keep or maintain such common nuisance' within § 7, on the strength of a single casual sale, made without premeditation, in

the course of a lawful business.   Not only do the words ' used ' and ' keep or maintain ' import a certain degree of permanence, but the same idea is usually a part of the conception of a nuisance."

It could not be inferred from the defendant's testimony, that he kept or maintained the tenement with the intention of selling intoxicating liquor to minors.   The evidence, therefore, is of a single sale to Foster, when he was in company with two adult persons.

The appearance of Foster as described by the witnesses is not set out in the exceptions, and it can only be inferred from the statement of the witnesses that they did not " think he was over eighteen years of age."   The evidence that Foster was a minor was certainly unsatisfactory.   It was not the testimony of Foster himself, and it does not appear to have been the testimony of members of his family, or of his relations, or of persons who had known him from birth or boyhood.   So far as appears, it was the testimony of persons who did not know his age, but who had formed an opinion about it solely from his physical appearance. However, as this part of the case has not been argued, we do not feel called upon to decide whether such testimony is competent or sufficient to establish the age of a young man in a criminal prosecution.   The evidence of the single sale testified to, made under the circumstances stated, was not, we think, sufficient to warrant the jury in finding that the defendant kept or maintained his tenement for the illegal keeping or sale of intoxicating liquors.   It was not sufficient to prove a habit on the part of the defendant of selling such liquors to minors in his tenement, or an intention of keeping a tenement which should be used for the purpose of selling such liquors to minors.   It was as consistent with the theory that the sale to Foster, if he were a minor, was casual and unpremeditated, as with the theory that the defendant intentionally kept his tenement for the purpose of making sales of intoxicating liquors to minors, or that from carelessness on his part his tenement was commonly used for that purpose.

*Exceptions sustained.*