## PEOPLE v. WEEKS.

(Supreme Court, Appellate Division, Second Department.   March 31, 1916.)

1. NUISANCE ☞69—GUILT—STATUTE—"PRINCIPAL."

Under Penal Law (Consol. Laws, c. 40) § 27, providing that one committing or participating in a misdemeanor is a principal, the confidential man and general superintendent of the owner of a milk and cream business, who could discharge the men if anything went wrong, and was employed to help the owner to keep things right, was guilty, as a "principal," of the misdemeanor of maintaining a nuisance, denounced by section 1532, where the employés of the business made noises night and day by cracking ice and using profane and indecent language.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 161; Dec. Dig. ☞69.

For other definitions, see Words and Phrases, First and Second Series, Principal.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. NUISANCE ☞92—GUILT—SUFFICIENCY OF EVIDENCE.

In a prosecution of the superintendent of a milk business for maintaining a nuisance, evidence that defendant was in charge thereof *held* sufficient to sustain the verdict of guilty.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 212; Dec. Dig. ☞92.]

3. NUISANCE ☞91(2)—INFORMATION—SUFFICIENCY.

An information, charging the crime of maintaining a nuisance, was sufficient to support conviction of committing such nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 211; Dec. Dig. ☞91(2).]

Appeal from Court of Special Sessions of City of New York.

William B. Weeks was convicted of violating Penal Law, § 1530, and he appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Thomas C. Whitlock, of Brooklyn, for appellant.

Ralph E. Hemstreet, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

JENKS, P. J. [1] The defendant concedes that the proof sufficed to establish the crime, but contends that he could not be the convict, in that he was but a salaried employé of the individual owner of the milk and cream business of which the conduct constituted the public nuisance. The crime is a misdemeanor (section 1532, Penal Law). If the defendant committed or participated in the crime, he could be held as a principal (section 27, Penal Law; see, too, Lowenstein v. People, 54 Barb. 299; People v. Trainor, 57 App. Div. 422, 68 N. Y. Supp. 263, wherein Lowenstein's Case, supra, is cited). Mr. Wharton in his Criminal Law, vol. 2 (11th Ed.) by Kerr, says, citing authorities:

"That all parties concerned, whether agents or organizers, are principals follows from the familiar doctrine that in misdemeanors all are principals. To nuisance this doctrine has been frequently applied in cases where an agent sets up as a defense that he acted only for another, who is the real principal and manager of the enterprise, controlling it, and enjoying its profits. But the agent is nevertheless held responsible if he have, in any sense, a control over the place or thing from which the nuisance arises." Section 1688.

[2] The offending charged is that the defendant, as superintendent of the said business at No. 439 Eleventh street, caused, permitted, and allowed the employés in his charge and control to make great noises by night and day, by loading trucks, in cracking and breaking ice, and permitted and allowed them to use profane and indecent language. The owner of the business testifies that he employed the defendant as "a kind of confidential man, and in a way a sort of general superintendent" at all of his stations, including the one in question. He testified that the defendant could discharge the men if anything went wrong, and that he was employed to help the witness to "keep things right." And there was proof that the defendant entertained the complaints of residents near this station, and undertook to abate the alleged annoyances. We think this proof sufficed to hold the defendant.

The three cases cited by the learned counsel for the appellant can be discriminated. In People v. Taylor, 192 N. Y. 398, 85 N. E. 759, the court determined that the employé of a corporation superior in authority to another employé was not individually liable for an employment of a child under 16 years old, when such employment was given by the subordinate without the knowledge and consent of the superior employé and in violation of his orders. And the reason given for the immunity was that the defendant did not commit or participate in the act of employing the child. In People v. Livingston, 27 Hun, 105, the defendant's wife was the owner of the land upon which the defendant as her agent had erected the obstructions. The defendant was indicted, not only for the erection, but for the continuance, of the nuisance. Learned, P. J., for the court, after saying:

"Possibly (although I express no opinion on this) the jury in this case might have rendered a verdict of guilty of erecting, but not of continuing"

—reversed the judgment because the proof did not establish defendant's continuance of the nuisance. That such was the scope of the decision is indicated in People v. Crounse, 51 Hun, at page 494, 4 N. Y. Supp. at page 269, in which case Learned, P. J., sat and concurred in the opinion wherein it is said:

"Under such circumstances it has been decided by this court that the husband, while acting as the agent of the wife, cannot be made liable and punished for continuing a nuisance upon such lands. People v. Livingston, 27 Hun, 105."

The third case is that of People v. Crounse, supra, which involves the distinction made in Livingston's Case, supra.

[3] It is true that the information charges the crime of maintaining a nuisance, but we think that the crime charged, and for which the defendant was tried, was not for maintenance as distinct and separate from commission. The caption of section 1532 of the Penal Code, which relates in express terms to the commission or maintenance of a nuisance, is "Maintaining nuisance," and "a certain degree of permanence * * * is usually a part of the conception of a nuisance." Holmes, J., for the court in Com. v. Patterson, 138 Mass. 498–500.

The judgment is affirmed.

THOMAS, MILLS, and RICH, JJ., concur. CARR, J., not voting.