THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ISAAC KALMANOWITZ, Defendant.

City Magistrate's Court of New York, Borough of Queens, Municipal Term, October 24, 1951.

*Eugene Zimmerman* for defendant.

*Nathaniel L. Goldstein, Attorney-General (Frank J. Slattery* of counsel), for plaintiff.

SCHANZER, M. The defendant is charged in the information herein with two separate and distinct violations of the Labor Law.

In count I defendant is charged, in substance, with a violation of section 352 of article 13 of the Labor Law, on March 19, 1951, in that he, as manager of a ladies' dress manufacturing business, conducted by Celia Kalmanowitz at 87-12 101 Avenue, Ozone Park, borough of Queens, city of New York, did unlawfully distribute materials for manufacture by industrial homework without having an " Employer's permit " therefor, to one Paul Amici, to be worked upon at his home, in violation of law.

In count II defendant is charged in substance with a violation of section 354-a of article 13 of the Labor Law on March 19, 1951, in that he as " Manager " of a ladies' dress manufacturing business, conducted by Celia Kalmanowitz in the borough of Queens, a contractor or distributor of homework for Kenyon Fashions, did unlawfully distribute materials for industrial homework, consisting of a quantity of ladies' dresses, belonging to Kenyon Fashions, to Paul Amici, to be worked upon at his home, in violation of law.

The facts alleged in both counts of the information, out of which this prosecution arose are undisputed. Counsel representing the defendant in this case conceded and stipulated on the record at a preliminary hearing held in this court on July 12, 1951, that the facts and circumstances alleged in the information herein concerning the defendant's violation of the Labor Law are true and correct. However, at that time, counsel for the defendant moved to dismiss the information herein against the defendant Isaac Kalmanowitz on the ground that he is not the proper party defendant and that this prosecution should have been brought instead against Celia Kalmanowitz, since she is the owner of the ladies' dress manufacturing business conducted at 87-12 101 Avenue, Ozone Park, Long Island, of which Isaac Kalmanowitz is "Manager." At the time of said application, counsel for the defendant contended that Isaac Kalmanowitz is not an "employer" in this instance. After hearing the application of defendant's counsel, the court reserved decision on said motion and requested counsel for both sides to file briefs.

Subdivision h of section 350 of the Labor Law provides as follows: "'Homework contractor or distributor' means *any person* who for the account or benefit of an employer delivers to a homeworker or any other person not engaged by such employer articles or materials to be manufactured in a home and thereafter to be returned to said person or otherwise disposed of in accordance with his direction." (Italics supplied.)

Section 1275 of the Penal Law provides: "Any person who violates or does not comply with any provision of the labor law * * * is guilty of a misdemeanor".

As Isaac Kalmanowitz was the "Manager" of the ladies' dress manufacturing business, or factory, conducted by his wife, Celia Kalmanowitz, at 87-12 101 Avenue, Ozone Park, Long Island; and as it was Isaac Kalmanowitz, in person, who delivered a quantity of dresses for machine sewing to Paul Amici on March 19, 1951; and it was Isaac Kalmanowitz, "Manager," of said dress factory who hired Paul Amici to perform machine sewing on ladies' dresses at the rate of sixty cents a dress, he came squarely within the classification covered by said subdivision h of section 350 and is a proper party defendant in this prosecution.

Furthermore, "A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly

counsels, commands, induces or procures another to commit a crime, is a ' principal '." (Penal Law, § 2, former Penal Code, § 29.)

So, in the case of *People* v. *Snyder* (270 App. Div. 838), where the facts are strikingly similar to the case at bar, Joseph Snyder, manager of a restaurant owned by Ida Gaulli, his wife, was convicted of a violation of the Labor Law.

The complaint there charged that on September 6, 1945, the defendants-appellants violated section 182 of the Labor Law in that the defendant, Ida Gaulli, as owner, and the defendant, Joseph Snyder, as manager of a restaurant known as the " Garden Spot " located at 806 Eighth Avenue in the borough of Manhattan, city of New York, employed, permitted and suffered one Raniel Wilder, a female, to work between the hours of 12:00 o'clock and 6:00 o'clock in the morning.

The evidence established that the business was operated by both of the defendants, but that only the wife, Ida Gaulli, held herself out as one of the owners. Her husband, Joseph Snyder, acted as the manager, but he was not one of the members of the alleged partnership which was supposed to have operated the business.

Both defendants were convicted of a violation of section 182 of the Labor Law on November 15, 1945, in the City Magistrates' Court, Municipal Term, Manhattan, sitting as a Court of Special Sessions.

Upon appeal by the defendants Joseph Snyder and Ida Gaulli from said judgment of conviction to the Appellate Division, First Department, judgment was unanimously affirmed as to the defendant Joseph Snyder although reversed as to the defendant Ida Gaulli on the ground that her guilt had not been established beyond a reasonable doubt. The significant point here is that the conviction of the manager was affirmed although the conviction of the owner was reversed.

Section 27 of the Penal Law states that: " A person who commits or participates in an act which would make him an accessory if the crime committed were a felony, is a principal and may be indicted and punished as such, if the crime be a misdemeanor."

Section 2 of the Penal Law defines the term " Principal " as: " A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, com-

mands, induces or procures another to commit a crime, is a ' principal '.''

In the leading case of *People* v. *Weeks* (172 App. Div. 117), the defendant, William B. Weeks, was convicted in the Court of Special Sessions of the City of New York, Borough of Brooklyn, County of Kings, of committing a nuisance in violation of sections 1530 and 1532 of the Penal Law. The information charged that said defendant, as superintendent of a milk and cream business conducted by his employer at No. 439 Eleventh Street, caused, permitted and allowed the employees in his charge and control to make great noises by night and day by loading trucks, in cracking and breaking ice and permitted them to use profane and indecent language.

Upon appeal to the Appellate Division, Second Department, by the defendant, from said judgment of conviction, the judgment was affirmed. That court said in its opinion by JENKS, P. J., at page 118: '' The defendant concedes that the proof sufficed to establish the crime, but contends that he could not be the convict, in that he was but a salaried employee of the individual owner of the milk and cream business, of which the conduct constituted the public nuisance. The crime is a misdemeanor (Penal Law, § 1532.) If the defendant committed or participated in the crime, he could be held as a principal (Penal Law, § 27.)''

It is well to note what HATCH, J., writing the opinion of the court in *People* v. *Trainor* (57 App. Div. 422), had to say on page 425. He said: '' Nor can he shelter himself behind the fact that his wife was the owner of the business and the license under which it was conducted was in her name. In misdemeanors all persons participating are principals ''.

The defendant by ignoring the unequivocal language of subdivision h of section 350 of the Labor Law heretofore referred to and quoting subdivision 1 of section 352 and section 354-a of the Labor Law, attempts the argument that only the employer may be convicted. His argument, however, is so untenable that he falls into the admission on page 7 of his brief, that: '' Under Section 65 of the Alcoholic Beverage Control Law, it has been held that an employee of a licensee may be charged with violation of Section 65 even though such person is not the licensee under the Alcoholic Beverage Control Law.''

That is precisely the point in the case at bar. Said subdivision h of section 350 includes an employee. That covers the defendant in this information. He is accordingly found guilty on both counts.

(The defendant was fined $250 or thirty days in jail.)