(57 App. Div. 422.)

## PEOPLE v. TRAINOR.

(Supreme Court, Appellate Division, First Department.   January 25, 1901.)

1. GAMBLING—KEEPING GAMBLING HOUSE—INDICTMENT.

Under Code Cr. Proc. § 279, providing that, where acts complained of constitute different crimes, they may be charged in separate counts of the same indictment, the offense of keeping a room to be used for the purpose of gambling and of allowing a room, table, etc., to be used for gambling purposes, where they arise out of the same transaction, may be charged in separate counts of the same indictment.

2. SAME—JOINDER.

An indictment joining in two counts in one indictment the offenses of keeping a room for the purpose of gambling and for allowing a room, table, etc., to be used for gambling purposes, is not objectionable because the one crime is a felony and the other a misdemeanor.

3. SAME—VERDICT.

An averment in an indictment that defendant did unlawfully keep a certain room in a certain building to be used for gambling is sufficient to support a conviction for maintaining a room for the purpose of gambling.

4. CRIMINAL LAW—VERDICT.

Under Code Cr. Proc. § 436, authorizing the jury to return a general verdict, such verdict may be returned on a trial under an indictment in two counts charging both a felony and a misdemeanor.

5. SAME.

Where a general verdict is returned against a defendant charged under two counts with keeping a room for gambling purposes and with allowing a room, table, etc., to be used for gambling, the defendant cannot complain of a judgment rendered under the first count, since the punishment is less than under the second.

6. SAME—SUFFICIENCY OF EVIDENCE.

Defendant was in charge of certain premises on the lower floor of a building while a room on the upper floor was used for gambling, and he knew that it was so used. He stated, after his arrest, that he had leased the upper floor to a club, and it was shown that he had exercised certain acts of authority in connection with the business. *Held* sufficient to sustain a conviction for keeping a room for the purpose of gambling.

7. SAME—DEFENSE.

Under Pen. Code, §§ 29, 31, declaring that a person participating in a misdemeanor shall be deemed a principal therein, one who participates in keeping a room for the purpose of gambling cannot defeat a prosecution therefor by showing that his wife was the owner of the business and of the license under which it was operated.

Appeal from court of general sessions, New York county.

Francis J. Trainor was convicted of keeping a room for the purpose of gambling, and he appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Abraham Levy, for appellant.
Charles Le Barbier, for the People.

HATCH, J.   The first count of the indictment charges the appellant and one Langfried with the offense of keeping a room to be used for the purpose of gambling.   The second count charges the same defendants with the crime of allowing a room, establishment, table, and apparatus to be used for gambling purposes.   A third

count charged the offense of maintaining a public nuisance. After the evidence had all been received, and upon motion of the defendant, the court directed the prosecution to elect upon what count or counts of the indictment the prosecution would ask that the case be submitted. Thereupon the prosecution elected to go to the jury upon the first and second counts of the indictment, and the jury rendered a general verdict of guilty as to both defendants. The defendant Trainor alone appeals. The judgment is asked to be set aside upon several grounds, among which are: First, that the first count of the indictment is insufficient as failing to specify any crime, and that, as the second charged the commission of a felony and the first a misdemeanor, and the judgment as entered convicts the defendant of a misdemeanor, there was in fact no conviction under the second count, and no basis for a conviction under the first; second, that the evidence upon the trial is insufficient to support the verdict. We are of opinion that no defect exists in the indictment so far as the specification of separate and distinct offenses are concerned. The offenses which are specified in the several counts of the indictment arose out of one and the same transaction, and under such circumstances, by virtue of the provisions of section 279 of the Code of Criminal Procedure, where the acts complained of constitute different crimes, such crimes may be charged in separate counts in one indictment. It is no objection to such an indictment that the crimes charged in the different counts are of different grades, and call for different punishments. People v. Emerson, 53 Hun, 437, 6 N. Y. Supp. 274; Hawker v. People, 75 N. Y. 487. It was proper, therefore, to join these counts in this indictment. The offense in the first count is substantially in the language as such offense is defined in the statute. The offense therein defined consists in keeping a room, or other place specified therein, or any part thereof, to be used for gambling. The averment is that the defendant did unlawfully keep a certain room in a certain building to be used for gambling. This was not only the statement of a fact, but it was a concise statement of the offense as defined in the statute. It was, therefore, not only a good pleading, but a model pleading, and in all respects sufficient to support the verdict rendered thereunder. It is of small consequence how we regard the second count of the indictment, or what its standing is when viewed in connection with the judgment which has been entered. The fact that the prosecution has seen fit to enter a judgment appropriate in form to a conviction under the first count of the indictment in no wise prejudices the defendant. It is distinctly in his favor, for under the second count the grade of the offense is higher, and the punishment may be more severe. The form of the verdict is such as is authorized by Code Cr. Proc. §§ 436, 437, and the court had authority to pronounce a judgment thereon under either count of the indictment. Id. § 471 et seq. In fact, the judgment pronounced was a conviction for a misdemeanor under the first count of the indictment, and was such a judgment as the court, in the exercise of its discretion, was authorized to pronounce. This judgment, therefore, must be sustained if the evidence was sufficient upon which to base a conviction. While the

testimony is not so strong as could be wished, we think it was sufficient to justify the verdict. It appeared that the defendant Trainor was, for a part of the time at least, in charge of the premises on the lower floor, over which the room used for gambling was situated. It is clear that he was aware of what was going on upon these premises; and when he was arrested he stated, as the jury were authorized to find, that he had leased the premises upstairs to a club. Such declaration upon his part authorized the inference that he had the custody and control of the premises, and, when taken in connection with acts of authority exercised by him in connection with the business carried on in that place, is quite sufficient to authorize the jury to find that he had authority and control over the room where the gambling was carried on. Of the latter fact there was abundant proof. Nor can he shelter himself behind the fact that his wife was the owner of the business, and the license under which it was conducted was in her name. In misdemeanors all persons participating are principals (Pen. Code, §§ 29, 31), and such was the rule at common law (People v. Erwin, 4 Denio, 129; Lowenstein v. People, 54 Barb. 299); and within the definition prescribed by these sections of the Code this defendant is clearly to be charged as a principal, notwithstanding the ownership of the wife. The proof, therefore, was sufficient to authorize the verdict and the judgment pronounced thereon.

Counsel for the appellant cites as a controlling authority upon the insufficiency of the testimony the case of People v. Mitchell (Sup.) 21 N. Y. Supp. 166. The cases are distinguishable. In the Mitchell Case it was shown that the defendant had absolutely no control over the premises where the gambling was carried on, nor of the business conducted therein. While the acts which the defendant therein was proved to have done are quite similar to acts proven in this case, yet here the proof went a step further; for not only were acts of authority proven, but they were coupled with the declaration by the defendant showing exercise of authority and control over the premises. Had these facts appeared in the Mitchell Case, it seems clear that the judgment would have gone the other way, as would undoubtedly this case had these facts alluded to not appeared. For these reasons, we think, the judgment should be affirmed. All concur.