# Court of Appeals.

June 3, 1904.

## THE PEOPLE v. THOMAS F. CORBALIS.

(178 N. Y. 516.)

INDICTMENT—MUST STATE THE CRIME AND ACTS CONSTITUTING IT.
Section 275 of the Code of Criminal Procedure, prescribing what an indictment shall contain, is not satisfied by an indictment in which the
statement of the acts claimed by the prosecution to constitute the crime
is a mere repetition of the crime charged, especially in a case where it
may be made out by proof of any one of many different acts which constitute a violation of the statute under which the indictment is found
and, therefore, it is impossible for the accused to know what specific
violation he is called upon to meet, and cannot, therefore, properly prepare for trial; and a demurrer thereto upon the ground that it does not
contain a plain and concise statement of the acts constituting the
crime, is properly sustained. The defendant in such a case is not
obliged to apply for an order directing a bill of particulars, since that
rests in the discretion of the court and may or may not be granted, but
is entitled to the rights accorded by the statute.
People v. Corbalis, 86 App. Div. 531, reversed.

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
July 24, 1903, which reversed an order of the Westchester County Court sustaining demurrers to an indictment.

The county judge sustained the demurrers of defendants
to the indictment, and being of the opinion that the objection upon which the demurrers were allowed might be avoided in a new indictment, ordered that the case be resubmitted to another grand jury. The Appellate Division reversed

the order of the county judge and overruled the demurrers. From the judgment of the Appellate Division an appeal was taken to this court. The indictment reads as follows :

"The Grand Jury of the County of Westchester by this indictment accuse Thomas F. Corbalis, John H. Hanratty, Michael Devanney, Thomas Kelly, Sylvester Smith and John Burnes of the crime of feloniously, outside of any trotting course, race course, authorized by or entitled to the benefits of Chapter 570 of the laws of the State of New York for the year 1895 entitled 'An act for the incorporation of associations for the improvement of the breed of horses and to regulate the same; and to establish a State Racing Commission' as amended by Chapter 446 of the laws of the State of New York for the year 1897, engaging, assisting, aiding and abetting in pool selling, and selling pools upon the result of a trial of and contests of, speed and power of endurance of beasts, committed as fellows :

"That Thomas F. Corbalis, John H. Hanratty, Michael Devanney, Thomas Kelly, Sylvester Smith and John Burnes, late of the City of Yonkers, in the County of Westchester, and State of New York, with force and arms at the city of Yonkers aforesaid, on the nineteenth day of January in the year nineteen hundred and three, did feloniously outside of a trotting course, race course, authorized by and entitled to the benefits of Chapter 570 of the laws of the State of New York, for the year 1895, entitled 'An act for the incorporation of associations for the improvement of the breed of horses and to regulate the same; and to establish a State Racing Commission,' as amended by Chapter 446 of the laws of the State of New York, for the year 1897, engage, aid, assist and abet in pool selling and selling pools upon the result of a trial and contest of speed and power of endurance of beasts, to wit: horses, on the nineteenth day of January in the year nineteen hundred and three, taking place, being conducted and had at Oakland in the State of

California and New Orleans in the State of Louisiana, the said Thomas F. Corbalis, John H. Hanratty, Michael Devanney, Thomas Kelly, Sylvester Smith and John Burnes, not being subject to the penalty provided in and by section 18 of Chapter 570 of the laws of the State of New York for the year 1895 as amended by Chapter 446 of the laws of the State of New York for the year 1897, and no other penalty being provided by law to punish the aforesaid felonious acts of the said Thomas F. Corbalis, John H. Hanratty, Michael Devanney, Thomas Kelly, Sylvester Smith and John Burnes, than the imprisonment in State prison and the fine provided and prescribed in and by section 351 of the Penal Code of the State of New York, contrary to the form of the statute in such case made and provided."

Robert M. Moore and David H. Hunt for appellants. A reading of the indictment shows that the pleader recognized the rule that the indictment must charge the crime and state the acts constituting it, and seeks in this case to comply with the rule, but he does it by simply repeating in the acts constituting the crime the charge itself, which is not sufficient, and gives no added information to the defendant as to what he is called upon to meet. (People v. Bates, 61 App. Div. 559; People v. Stedeker, 175 N. Y. 57.) The indictment fails to state facts with such clearness as to enable defendants to prepare for trial. (People v. Helmer, 154 N. Y. 600; People v. Willis, 158 N. Y. 396; People v. Winner, 80 Hun, 130.) It is no answer to appellants' contention to say that the defendants might have entered a plea of not guilty and have thereupon demanded a bill of particulars. (Fraser v. Bd. of Auditors, 17 N. Y. S. R. 872; Beecher v. Tilton, 59 N. Y. 176; People v. Hovey, 92 N. Y. 558; People v. Jaehne, 103 N. Y. 182; People v. Conroy, 97 N. Y. 62; People v. Bellews, 2 N. Y. Cr. Rep. 12.)

J. Addison Young for respondent. The offense with which the defendants are charged in the indictment is stated in the language of the statute defining the crime, and constitutes a full compliance with the requirements of sections 275 and 276 of the Code of Criminal Procedure, as to stating the acts constituting the crime. (People v. Weldon, 111 N. Y. 569; Phelps v. People, 72 N. Y. 349; Eckhardt v. People, 83 N. Y. 462; People v. West, 106 N. Y. 293; People v. Trainor 57 App. Div. 422; People v. Herlihy, 66 App. Div. 540; Betts v. State, 93 Ind. 375; State v. Dolvans, 45 N. H. 543; People v. Peckens, 153 N. Y. 576.) The act charged in the indictment is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, and a conviction under the indictment can be effectually pleaded as a bar to a further prosecution for the same offense for the time stated in the indictment. (People v. Herlihy, 66 App. Div. 534; 170 N. Y. 584; People v. Willis, 34 App. Div. 209; People v. Polhamus, 8 App. Div. 136.)

PARKER, Ch. J. The demurrer to the indictment contains the following, among other grounds: "The indictment does not conform to the requirements of sections 275 and 276 of the Code of Criminal Procedure in that it does not contain a plain and concise statement of the acts constituting the crime." This court considers those sections of the Code in People v. Dumar (106 N. Y. 502), and reaches the conclusion that an indictment must charge both the crime and the act constituting it, and that the omission of either is fatal. In the course of the opinion, written by Judge DAN-FORTH, it is said: "If there was no accusation of crime, the paper, however formal in other respects, would not be an indictment, and so there would be no criminal action. If it contained no statement of the act constituting the crime

there would be no description of the offense, and neither an acquittal nor a conviction would enable the defendant to withstand a further prosecution for the same crime. Moreover, the plain words of the statute, as well as its object, would be disregarded; for the manifest intention of the legislature in requiring the indictment to state the act constituting the crime was, among other things, that the accused should learn from it what he was called upon to defend. The form of the indictment given in the Code (§276) leads to the same conclusion."

The view thus expressed has been cited with approval many times in this court, and recently in the following cases, among others: People v. Peckens (153 N. Y. 576, 586); People v. Willis (158 N. Y. 392, 396); People v. Klipfel (160 N. Y. 371, 374); People v. Kane (161 N. Y. 380, 386).

The latter case quotes with approval the language employed by Judge ANDREWS in People v. Albow (140 N. Y. 130, 134) : "The rule that the offense must be charged in plain and intelligib'e language, and that the indictment must set forth all the essential elements of the crime, is and ought to be preserved alike for the protection of the accused and in the interest of the certain and orderly administration of the criminal law."

In People v. Helmer (154 N. Y. 596, 600), Judge MARTIN writing, it is said: "The purpose of an indictment is to identify the charge against a defendant, so that his conviction or acquittal may inure to his subsequent protection, and to apprise him of the nature and character of the offense charged and of the facts which may be proved, so as to enable him to prepare his defense."

Judge O'BRIEN expresses it in briefer form in People v. Willis (158 N. Y. 392, 396; cited supra): "An indictment is now good if it contains sufficient averments to inform the

defendant of the nature of the accusation against him and enables him to prepare his defense."

These decisions establish that the object of the legislature —in requiring that in addition to charging the crime the indictment must contain a plain and concise statement of the act constituting the crime—is twofold: First, to enable a defendant to prepare his defense; second, to prevent a second indictment for the same offense.

The draftsman of the indictment before us evidently appreciated the force and effect of these decisions, for the indictment in the first place charges the crime, and then it makes a further statement apparently intended to comply with that provision of the statute requiring that the indictment shall state the act constituting the crime. But not an act is stated in this part of the indictment which is not to be found in that portion of it which charges the crime. Indeed, it conveys no additional information to defendants whatever. It does not apprise them of any act on which the People intend to rely not found in that portion of the indictment which simply undertakes to charge the crime committed. The crime charged is as follows: Contrary to law "engaging, assisting, aiding and abetting in pool selling, and selling pools upon the result of a trial of and contests of, speed and power of endurance of beasts." And when we come to that portion of the indictment which purports to state the facts constituting the crime charged, we find it as follows: Contrary to law did "engage, aid, assist and abet in pool selling and selling pools, upon the result of a trial and contest of speed and power of endurance of beasts." The only distinction between the two statements is a change in the form of the verb. This difference does not advise defendants how to prepare their defense. Its does not apprise them of the act the People intend to prove. Therefore, in the event of their conviction or acquittal it offers no means of protection against subsequent indictments, for

from it they cannot learn what act or acts of theirs the People intend to prove in order to make out the crime charged.

The statute under which defendants were indicted may be violated in a number of ways: By directly taking or placing a wager; by inducing others to go to a fixed place to wager; by renting a building to be used for the purpose of poolselling, knowing that it is to be so used; by keeping and maintaining a building for that purpose, rented from others; by contributing the capital with knowledge that another is to use it in starting the business of poolselling; by uniting in the formation of a corporation to be engaged in selling pools; by keeping watch to prevent those engaged in selling pools from being caught; by giving money to another to be placed; by assisting as a clerk others engaged in selling pools, or as an operator in receiving accounts of races; by keeping apparatus or paraphernalia suitable for that purpose; by acting as a solicitor for patrons for poolselling.

In these and many other ways, some of which are suggested by the learned counsel for appellants, defendants might have committed acts constituting a violation of this statute. But not one of them is set up in the indictment, and for aught these defendants or their counsel know the People might intend to attempt to prove any one of the acts suggested, or others that might be suggested, as the act constituting the crime charged in the indictment.

The section prescribing what an indictment shall contain, as construed by this court, is not satisfied by an indictment which omits a statement of the acts which the People claim constituted the crime, when it may be made out by the proof of any one of the many different acts which constitute a violation of the statute under which this indictment is found.

The case of People v. Stedeker (175 N. Y. 57), while not in point, supports, by its opinion, as I read it, the conclu-

sion we have reached.

The learned judge who wrote the opinion of the Appellate Division appreciated the force of the argument of defendants that it is impossible under such an indictment for the accused to properly prepare for trial, but he suggested that defendants could be relieved from this embarrassment by making a motion for a bill of particulars. The difficulty with that remedy is that whether a bill of particulars shall be granted or not rests in the discretion of the court. A motion may be made, it is true; but it need not be granted. Hence it is the duty of the courts to see to it that the right which the legislature has accorded to a citizen accused of crime to have the indictment state the acts constituting the crime so that he may prepare his defense, and be protected against further prosecution, be not frittered away by holding that the requirement of the statute will not be insisted upon, and that upon defendant will be placed the burden of ascertaining, if he can, by a motion for a bill of particulars, addressed to the discretion of the court, what particular act or acts the People claim make out the crime charged.

The order of the Appellate Division should be reversed, and the order of the County Court affirmed.

CULLEN, J. (concurring). I do not think that the indictment is defective in failing to allege how the defendants aided, abetted or assisted in poolselling. Under section 29 of the Penal Code a person who aids or abets in the commission of a crime is a principal. It is settled law that by virtue of this section a person may be convicted of a crime under an indictment which charges him with the commission of the act although the proof discloses that the defendant was not present at the commission of the act, but simply aided in, advised or abetted its commission. (People v. Bliven, 112 N. Y. 79.) If the indictment had charged the

defendants with selling pools the prosecution could have introduced evidence to show that the defendants merely aided and abetted the commission of the offense, and it would not have been necessary to allege in the indictment how or in what manner they aided and abetted. I do not see how the position of the prosecution can be worse because the indictment alleges that the parties charged aided and assisted. It is true that a number of acts differing in character are made, by section 351 of the Penal Code, crimes. There is not, however, either under that section, or, in fact, more than one way in which a person can engage in poolselling, and that is by selling pools. I know of no other way in which the offense could be described or charged. The indictment may be defective because it alleges that the defendants "engaged in poolselling" instead of charging directly that they did sell pools. However this may be, I am of opinion that the indictment is fatally defective in failing to allege to whom pools were sold, or if information as to that could not be obtained, that the names of such persons were unknown to the grand jury. This principle was held in People v. Burns (53 Hun, 274) and People v. Stone (85 Hun, 130), the prosecution being in the first case for selling impure milk and in the second for selling fertilizers with a false certificate. The rule is otherwise as to illegal sales of liquor, but this rule rests merely on precedent long established and can hardly be justified on principle. The idea suggested by some text writers, that where the offense is merely one against the public and not against an individual, it is not necessary to allege the person with whom it was committed, finds no support in practice. Bigamy is an offense against the public, not necessarily against the individual, because the act is equally criminal though the party with whom the marriage is celebrated is acquainted with all the facts. Yet in an indictment for bigamy it is necessary to charge whom the defendant married. Adultery can hard-

ly be considered an offense against the person of either party to the act, yet in an indictment it is necessary to charge with whom the adultery was committed. The true reason for requiring the indictment to state the person to whom the sale has been made, if that information can be obtained, is that such statement identifies the occurrence and enables the defendant to properly meet the charge.

The order of the Appellate Division should be reversed and that of the County Court affirmed.

GRAY, O'BRIEN, BARTLETT, MARTIN, VANN, JJ. (and CULLEN, J., in memorandum in result). concur with PARKER, Ch. J.

Order reversed, etc.

## NOTE.

Note that the ruling in People ex rel. Allen v. Hagan is essentially similar. There the relator was held upon a commitment which merely charged "vio. Sec. 351 Penal Code." The Court of Appeals held that the commitment was wholly void, and pointed out that it neither charged any crime, nor any acts constituting a crime, inasmuch as it was possible for the relator to have violated Sec. 351 in a number of different ways. (People ex rel. Allen v. Hagan, 170 N. Y. 46; 16 N. Y. Crim. R. 309.)

R. C. T.