PEOPLE v. WEISS.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

1. INDICTMENT AND INFORMATION (§ 128*)—"COMMON GAMBLER"—INDICTMENT.
    Penal Law (Consol. Laws 1909, c. 40) § 970, provides that a person who is owner, agent, or superintendent of a place or of any device or apparatus for gambling, or who hires or allows to be used a room, table, or apparatus for such a purpose, is a common gambler. *Held*, that where an indictment in three counts charged accused (1) with keeping a room used for gambling in the county of Kings, and (2) that accused during the same time kept a room with gambling paraphernalia in the county of Kings and allowed the same to be used for gambling purposes, and (3) with being a common gambler in that he at the same time and place conducted a gambling table, etc., it sufficiently charged accused with being a "common gambler"; the three counts charging but a single crime.

    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 403–413; Dec. Dig. § 128.*

    For other definitions, see Words and Phrases, vol. 2, p. 1323.]

2. INDICTMENT AND INFORMATION (§§ 121, 147*)—FORMAL REQUISITES—PLACE.
    Where an indictment charged the commission of an offense in Kings county, defendant's remedy to compel a more specific allegation as to the place of the offense was by motion for a bill of particulars, and not by demurrer to the indictment.

    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 316–320, 490–494; Dec. Dig. §§ 121, 147.*]

3. INDICTMENT AND INFORMATION (§ 129*)—JOINDER OF OFFENSES.
    Keeping a room to be used for gambling, allowing a room, establishment, or apparatus to be used for gambling, and being a common gambler, being offenses relating to the same thing, may be joined in the same indictment, as authorized by Code Cr. Proc. § 279.

    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 414–418; Dec. Dig. § 129.*]

4. CRIMINAL LAW (§ 878*)—SEPARATE COUNTS—GENERAL VERDICT.
    Where one of several counts of an indictment is good, a general verdict of guilty will be sustained.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2098–2101; Dec. Dig. § 878.*]

Appeal from Kings County Court.

Sam Weiss was indicted for maintaining and suffering a place to be used for gambling and with being a common gambler, and from an order sustaining a demurrer to the indictment, the People appeal. Reversed.

The indictment contains three counts. The first charges the defendant with "the crime of keeping a room to be used for gambling, committed as follows: The said Samuel Weiss on or about December 1, 1912, and thence continually to the day of the taking of this inquisition, at the borough of Brooklyn of the city of New York, in the county of Kings, unlawfully did keep a certain room in a certain building there situate, to be used for gambling."

The second count charges the defendant with "the crime of allowing a room, establishment, table, and apparatus to be used for gambling purposes, committed as follows: The said Samuel Weiss, on the day and in the year aforesaid, and thence continually to the day of the taking of this inquisition, at the county of Kings aforesaid, having the care, custody, and supervision of, and authority and control over the use of a certain room in a certain

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

building there situate, and a certain gambling table and establishment, and divers cards, chips, dice, implements, paraphernalia, devices, and apparatus, then therein, a more particular description whereof is to the grand jury aforesaid unknown, and cannot now be given, the same being suitable for gambling purposes, feloniously did allow the same to be used for gambling purposes, to wit, for the purpose of conducting and allowing to be conducted in the said room, with the said gambling table, establishment, cards, chips, dice, implements, paraphernalia, devices, and apparatus a certain gambling commonly known as poker, where money and property were dependent upon the result, a more particular description of which said gambling game is to the grand jury aforesaid unknown, and cannot now be given, and for other gambling purposes, a more particular description whereof is to the said grand jury likewise unknown and cannot now be given."

The third count charges the defendant with "being a common gambler, committed as follows: The said Samuel Weiss, on the day and in the year aforesaid, and thence continually to the day of the taking of this inquisition, at the county of Kings, having the care, custody, and supervision of, and authority and control over the use of, a certain room in a certain building there situate and a certain gambling table and establishment, and divers cards, chips, dice, implements, paraphernalia, devices, and apparatus then therein, a more particular description whereof is to the grand jury aforesaid unknown and cannot now be given, the same being suitable for gambling purposes, feloniously did allow the same to be used for gambling purposes, to wit, for the purpose of conducting and of allowing to be conducted in the said room, with the said gambling table, establishment, cards, chips, dice, implements, paraphernalia, devices, and apparatus a certain gambling game commonly known as poker, where money and property were dependent upon the result, a more particular description of which said gambling game is to the grand jury aforesaid unknown and cannot now be given, and for other gambling purposes, a more particular description whereof is to the said grand jury likewise unknown and cannot now be given, and did then and there and thereby become and yet is a common gambler."

The grounds of the demurrer were: "I. That the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure of the state of New York. II. That the facts as stated therein do not constitute a crime."

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Edward A. Freshman, Asst. Dist. Atty., both of Brooklyn, on the brief), for appellants.

Henry D. Levy, of Brooklyn, for respondent.

RICH, J. [1] Section 970 of the Penal Law provides that a person who is owner, agent, or superintendent of a place, or of any device or apparatus for gambling, or who hires or allows to be used a room, table, establishment, or apparatus for such a purpose, is a "common gambler."

Section 275 of the Code of Criminal Procedure provides that the indictment must contain:

"(1) The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties; (2) a plain and concise statement of the act constituting the crime, without unnecessary repetition."

And section 276 requires the indictment to be substantially in the form therein recited.

The learned court sustained the demurrer upon the sole ground that the indictment did not, in either of its counts, specify the place where the alleged crime or crimes were committed. It is the rule that, in addition to charging the crime, the indictment must contain a plain and concise statement of the act constituting the crime. The rule is salutary because, in the first place, the defendant is enabled to prepare his defense, and, second, because a second indictment for the same offense may be avoided. People v. Corbalis, 178 N. Y. 516, 71 N. E. 106. The demurrer was sustained in the Corbalis Case, supra, because it did not allege any act constituting the crime, and it cannot be regarded, therefore, as an authority which would justify the decision.

The indictment in the case at bar sufficiently charges the defendant with the crime of being a common gambler under the provisions of section 970 of the Penal Law (Consol. Laws 1909, c. 40), and is not demurrable under the provisions of sections 275 and 276 of the Code of Criminal Procedure. People v. Trainor, 57 App. Div. 422, 68 N. Y. Supp. 263; People v. Cavanagh and others (Sup.) 141 N. Y. Supp. 812.

[2] If it is true that there is any real doubt as to the particular place where it is charged the offense was committed, the remedy of the respondent was by motion for a bill of particulars. Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337.

[3] I think the acts charged in the indictment in reality constitute but one crime, viz., that of being a common gambler under the provisions of section 970 of the Penal Law; but, assuming that they constitute different crimes, they relate to the same thing in the same indictment, and such a pleading is permissible. Section 279, Code of Criminal Procedure; People v. Emerson, 53 Hun, 437, 6 N. Y. Supp. 274.

[4] It is settled that, if one of several counts in an indictment is good, that is sufficient to sustain a conviction under a general verdict of guilty. People v. Dimick, 107 N. Y. 13–30, 14 N. E. 178; Phelps v. People, 72 N. Y. 365; Pontius v. People, 82 N. Y. 339; People v. Willett, 102 N. Y. 251, 6 N. E. 301.

It follows that the judgment and order of the County Court of Kings County must be reversed. All concur.