(162 App. Div. 674)

PEOPLE v. ABELSON.   (No. 5886.)

(Supreme Court, Appellate Division, First Department.   May 29, 1914.)

GAMING (§ 85*)—INFORMATION—KEEPING ROOM FOR GAMBLING.

Under Penal Law (Consol. Laws, c. 40) § 973, providing that any person who keeps a room, shed, tent, etc., used for gambling, or for any purpose forbidden by this article, etc., an information, charging that the defendant kept a room to be used for gambling, sufficiently apprises him that the crime charged was the keeping of a room, not one of the other places mentioned in the statute, for the purpose of gambling, not for one of the other unlawful purposes, and is sufficient to charge the offense.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 220–223, 228, 261, 266; Dec. Dig. § 85.*]

Appeal from Court of Special Sessions of City of New York.

An information was filed against Moe Abelson, charging him with keeping a room to be used for gambling. Defendant's demurrer to the information sustained, and the People appeal. Reversed, demurrer overruled, and case remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Charles S. Whitman, Dist. Atty., of New York City (Robert C. Taylor, of New York City, of counsel), for the People.

Robert M. Moore, of New York City, for respondent.

CLARKE, J. The information filed by the district attorney is as follows:

"Be it remembered that I, Charles S. Whitman, the district attorney of the county of New York, by this information accuse the above named defendant

of the crime of keeping a room to be used for gambling, committed as follows: At the city of New York, in the county of New York, the said defendant, on the 9th day of November, 1913, kept a room to be used for gambling, against the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity."

To this information the defendant demurred, and, the demurrer having been sustained, the People appeal.

The respondent relies on People v. Corbalis, 178 N. Y. 516, 71 N. E. 106. In that case the demurrer was sustained to an indictment which charged that certain named defendants did, at a place named and upon a date stated, engage, and assist, and abet in pool selling and selling pools upon the result of a trial and contest of speed and power of endurance of beasts, to wit, horses. The statute there invoked was section 351 of the Penal Code as it existed in 1903. The court said:

"The statute under which defendants were indicted may be violated in a number of ways: By directly taking or placing a wager; by inducing others to go to a fixed place to wager; by renting a building to be used for the purpose of pool selling, knowing that it is to be so used; by keeping and maintaining a building for that purpose, rented from others; by contributing the capital with knowledge that another is to use it in starting the business of pool selling; by uniting in the formation of a corporation to be engaged in selling pools; by keeping watch to prevent those engaged in selling pools from being caught; by giving money to another to be placed; by assisting as a clerk others engaged in selling pools, or as an operator in receiving accounts of races; by keeping apparatus or paraphernalia suitable for that purpose; by acting as a solicitor for patrons for pool selling. In these and many other ways, some of which are suggested by the learned counsel for appellants, defendants might have committed acts constituting a violation of this statute. But not one of them is set up in the indictment, and for aught these defendants or their counsel know the people might intend to attempt to prove any one of the acts suggested, or others that might be suggested, as the act constituting the crime charged in the indictment. The section prescribing what an indictment shall contain, as construed by this court, is not satisfied by an indictment which omits a statement of the acts which the people claim constituted the crime, when it may be made out by the proof of any one of the many different acts which constitute a violation of the statute under which this indictment is found."

The information in the case at bar is drawn under section 973 of the Penal Law (Consol. Laws, c. 40), formerly 343, Penal Code. That section is as follows:

"Any corporation or association or the officers thereof or any copartnership or individual, who keeps a room, shed, tent, tenement, booth, building, float or vessel [or any other inclosure or place] or any part thereof, to be used for gambling, or for any purpose or in any manner forbidden by this article, or for making any wagers or bets made to depend upon any lot, chance, casualty, unknown or contingent event or on the future price of stocks, bonds, securities, commodities or property of any description whatever or for making any contract for or on account of any money, property or thing in action, so bet or wagered, or being the owner or agent, knowingly lets or permits the same to be so used, is guilty of a misdemeanor."

The act charged by the information to have been committed by the defendant in violation of the said statute was that he, at the city of New York, in the county of New York, on the 9th day of November, 1913, kept a room to be used for gambling; that is, it set forth that of the nine places therein specified he kept one, to wit, a room, and for

the various unlawful purposes for which he might have kept it, as specified in said section, he kept it for one, namely, to be used for gambling. Therefore proof would only be admissible that he did keep a room, and it might not be shown that it was a shed, tent, booth, float, or vessel, and that it was used for gambling, and not for any of the other purposes forbidden by said article of the Penal Law. Therefore defendant was plainly informed of the particular offense charged against him, and the information meets the test laid down in People v. Willis, 158 N. Y. 392, 53 N. E. 29:

"An indictment is now good if it contains sufficient averments to inform the defendant of the nature of the accusation against him and enables him to prepare his defense"

—as well as that stated in People v. Helmer, 154 N. Y. 596, 49 N. E. 249:

"The purpose of an indictment is to identify the charge against a defendant, so that his conviction or acquittal may inure to his subsequent protection."

The form of the information at bar is that which has been used for many years in the first count of the gambling indictment, containing various counts, in use in the district attorney's office in this county. Of that count Mr. Justice Hatch, writing for a unanimous court in People v. Trainor, 57 App. Div. 422, 68 N. Y. Supp. 263, said:

"The first count of the indictment charged the appellant and one Langfried with the offense of keeping a room to be used for the purpose of gambling. * * * The judgment is asked to be set aside: * * * First, that the first count of the indictment is insufficient as failing to specify any crime. * * * The offense in the first count is substantially in the language as such offense is defined in the statute. The offense therein defined consists in keeping a room or other place specified therein, or any part thereof, to be used for gambling. The averment is that the defendant did unlawfully keep a certain room in a certain building to be used for gambling. This was not only the statement of a fact, but it was a concise statement of the offense as defined in the statute. It was therefore, not only a good pleading, but a model pleading, and in all respects sufficient to support the verdict rendered thereunder."

A count essentially similar to the first count in the Trainor indictment was before the Appellate Division, in the Second Department, in People v. Weiss, 158 App. Div. 235, 142 N. Y. Supp. 1092, unanimously affirmed 210 N. Y. 20, 104 N. E. 1137, which reversed a judgment of the county court sustaining a demurrer. The court said:

"It is the rule that, in addition to charging the crime, the indictment must contain a plain and concise statement of the act constituting the crime. The rule is salutary because, in the first place, the defendant is enabled to prepare his defense, and, second, because a second indictment for the same offense may be avoided. People v. Corbalis, 178 N. Y. 516 [71 N. E. 106]. The demurrer was sustained in the Corbalis Case, supra, because it did not allege any act constituting the crime, and it cannot be regarded, therefore, as an authority which would justify the decision"—citing People v. Trainor, 57 App. Div. 422, 68 N. Y. Supp. 263, and People v. Cavanagh, 157 App. Div. 224, 141 N. Y. Supp. 812.

In People v. Hoyt, 145 App. Div. 695, 130 N. Y. Supp. 505, affirmed 205 N. Y. 533, 98 N. E. 1110, the Appellate Division of the Third Department overruled a judgment of the county court sustaining the

defendant's demurrer to an indictment for forgery. Mr. Justice Houghton said:

"The ground upon which the learned county judge came to the conclusion that these counts did not set forth the acts constituting the crime of forgery with sufficient particularity to constitute a good indictment was that forgery could be committed in various ways—by false making, or counterfeiting, or alteration, or erasure, or obliteration, or signing of the name of the alleged grantor, or a witness, or notary, or by piecing together, with intent to defraud, parts of genuine instruments—and because the crime could be committed in such different manner it was incumbent upon the people to allege in what way it was claimed the defendant committed the forgery, so that he might prepare his defense intelligently and be protected from further prosecution for the same crime. * * * It is conceded that the indictment is in proper form if the rule laid down in People v. Alderdice, 120 App. Div. 368 [105 N. Y. Supp. 395], is the correct one, but it is contended that such rule is not in accord with later decisions in the Court of Appeals, and especially with that of People v. Corbalis, 178 N. Y. 516 [71 N. E. 106]. The indictment under consideration in that case was for pool selling, and it was held bad because it did not state in what manner it was claimed the defendant had committed any of the several acts constituting the crime of selling, or aiding and abetting the selling of pools. No new rule with respect to the form of indictments was enunciated by that decision. * * * All that was decided in the Corbalis Case, and all that was attempted to be decided, was that under the peculiar reading of the statute against pool selling it was necessary to set forth in the indictment what act the defendant did that brought him within the inhibition of the statute."

It is quite clear, therefore, it seems to me, that the form of pleading of the offense charged in this information, declared to be a model in People v. Trainor, supra, is still good, and that the courts of first instance should not be misled in giving an effect to the decision in People v. Corbalis, which has been repudiated by the several Appellate Divisions and by the Court of Appeals itself in the cases cited, supra, but that said authority should be confined to the statute there under consideration.

The judgment should be reversed, the demurrer to the indictment overruled, and the case remanded to the Court of Special Sessions, to proceed in accordance with this opinion. All concur.