THOMAS, CARR, STAPLETON, RICH and PUTNAM, JJ., concurred.

Judgment modified by reducing the recovery of Ferdinand Witt to the sum of $140, with interest from January 30, 1913, and affirmed in favor of the other respective lienors, Lawrence Brothers, Incorporated, George A. Houle and William A. Brockhurst, without costs. Order to be settled on notice before Mr. Justice THOMAS.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM B. WEEKS, Appellant.

Second Department, March 31, 1916.

Crime — nuisance — violation of sections 1530 and 1532 of the Penal Law by superintendent of milk and cream business — principal — information.

A superintendent in charge of a milk and cream business for the individual owner thereof, who permits and allows employees in his charge and control to make noises by night and day by loading trucks, in cracking and breaking ice, and permits and allows them to use profane and indecent language, and who has authority to discharge and employ help and who has entertained the complaints of residents and undertaken to abate the alleged nuisance, may be convicted of committing a nuisance in violation of sections 1530 and 1532 of the Penal Law.

As the violation of said section constitutes a misdemeanor the defendant may be held as a principal under section 27 of the Penal Law.

The fact that the information charged the crime of *maintaining* a nuisance did not prevent the trial and conviction of the defendant for the *commission* of the crime.

APPEAL by the defendant, William B. Weeks, from a judgment of the Court of Special Sessions of the City of New York, borough of Brooklyn, county of Kings, rendered against him on the 1st day of October, 1914, convicting him of violating section 1530 of the Penal Law and fining him $100.

*Thomas C. Whitlock,* for the appellant.

*Ralph E. Hemstreet, Assistant District Attorney* [*James C. Cropsey, District Attorney,* with him on the brief], for the respondent.

JENKS, P. J.:

The defendant concedes that the proof sufficed to establish the crime, but contends that he could not be the convict, in that he was but a salaried employee of the individual owner of the milk and cream business, of which the conduct constituted the public nuisance. The crime is a misdemeanor. (Penal Law, § 1532.) If the defendant committed or participated in the crime, he could be held as a principal. (Penal Law, § 27. See, too, *Lowenstein* v. *People,* 54 Barb. 299; *People* v. *Trainor,* 57 App. Div. 422, wherein *Lowenstein's Case, supra,* is cited.) Mr. Wharton in his Criminal Law (Vol. 2 [11th ed. by Kerr], § 1688) says, citing authorities: "That all parties concerned, whether agents or organizers, are principals, follows from the familiar doctrine that in misdemeanors all are principals. To nuisance this doctrine has been frequently applied in cases where an agent sets up as a defense that he acted only for another, who is the real principal and manager of the enterprise, controlling it, and enjoying its profits. But the agent is nevertheless held responsible if he have in any sense a control over the place or thing from which the nuisance arises."

The offending charged is that the defendant, as superintendent of the said business at No. 439 Eleventh street, caused, permitted and allowed the employees in his charge and control to make great noises by night and day by loading trucks, in cracking and breaking ice, and permitted and allowed them to use profane and indecent language. The owner of the business testifies that he employed the defendant as "a kind of

confidential man, and in a way a sort of general superintendent " at all of his stations, including the one in question. He testified that the defendant could discharge the men if anything went wrong, and that he was employed to help the witness to "keep things right." And there was proof that the defendant entertained the complaints of residents near this station, and undertook to abate the alleged annoyances. We think this proof sufficed to hold the defendant.

The three cases cited by the learned counsel for the appellant can be discriminated. In *People* v. *Taylor* (192 N. Y. 398) the court determined that the employee of a corporation superior in authority to another employee was not individually liable for an employment of a child under sixteen years old, when such employment was given by the subordinate without the knowledge and consent of the superior employee and in violation of his orders. And the reason given for the immunity was that the defendant did not commit or participate in the act of employing the child. In *People* v. *Livingston* (27 Hun, 105) the defendant's wife was the owner of the land upon which the defendant as her agent had erected the obstructions. The defendant was indicted, not only for the erection, but for the continuance of the nuisance. LEARNED, P. J., for the court, after saying, " Possibly (although I express no opinion on this) the jury in this case might have rendered a verdict of guilty of erecting, but not of continuing," reversed the judgment because the proof did not establish defendant's continuance of the nuisance. That such was the scope of the decision is indicated in *People* v. *Crounse* (51 Hun, 494), in which case LEARNED, P. J., sat and concurred in the opinion wherein it is said: " Under such circumstances it has been decided by this court that the husband, while acting as the agent of the wife, cannot be made liable and punished for continuing a nuisance upon such lands. (*People* v. *Livingston,* 27 Hun, 105.) " The third case is that of *People* v. *Crounse* (*supra*), which involves the distinction made in *Livingston's Case* (*supra*).

It is true that the information charges the crime of *maintaining* a nuisance, but we think that the crime charged, and for which the defendant was tried, was not for maintenance as distinct and separate from commission. The caption of section

1532 of the Penal Law, which relates in express terms to the commission or maintenance of a nuisance, is "Maintaining nuisance," and "a certain degree of permanence * * * is usually a part of the conception of a nuisance." (Holmes, J., for the court, in *Commonwealth* v. *Patterson*, 138 Mass. 498, 500.)

The judgment is affirmed.

Thomas, Mills and Rich, JJ., concurred; Carr, J., not voting.

Judgment of conviction of the Court of Special Sessions affirmed.

---

The People of the State of New York ex rel. James F. McAuliffe, Relator, *v.* Arthur Woods, as Police Commissioner of the City of New York, Respondent.

Second Department, March 31, 1916.

**Municipal corporations — city of New York — dismissal of policeman — certiorari.**

Where the deputy police commissioner of the city of New York adjourned the trial of a policeman charged with violating the department rules, neglect of duty, and conduct unbecoming an officer until after his trial upon an indictment in the County Court, wherein the jury disagreed, and when the case was subsequently called adjourned it again for a week at the request of counsel, and upon the adjourned date the defendant rested his case without offering any evidence, the commissioner agreeing not to decide it until after the completion of the criminal trial, the defendant is not entitled to a writ of certiorari to review the proceedings dismissing him from the police department, upon the ground that he did not have a fair trial and was not given an opportunity to be sworn himself or to produce witnesses to testify in his behalf.

Certiorari issued out of the Supreme Court and attested on the 23d day of October, 1915, directed to Arthur Woods, commissioner of police of the city of New York, commanding him to certify and return to the office of the clerk of the county of Kings all and singular his proceedings had in dismissing the relator from his position in the police department in the