### PEOPLE v. OSBORNE.

(Supreme Court, Special Term, Westchester County. April 18, 1916.)

INDICTMENT AND INFORMATION ☞137(6)—SUFFICIENCY—CHARGES.

Code Cr. Proc. § 275, declares that the indictment must contain a plain and concise statement of the act constituting the crime, without unnecessary repetition. An indictment against the warden of a penitentiary, which charged him with unlawfully and willfully omitting to perform a duty enjoined by law upon him, alleged in the sixth count that during the period of 13 months when he had charge of the inmates he did commit various unlawful and unnatural acts with named inmates. *Held* that, as the grand jury indicted only for a misdemeanor, such count was insufficient to disclose the offense charged; hence, under section 671, the count should be quashed in the interests of justice.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 486; Dec. Dig. ☞137(6).]

Thomas M. Osborne was indicted for unlawfully and willfully omitting to perform a duty enjoined upon him by law as a public officer, and he moved to dismiss the sixth count of the indictment. Motion granted.

See, also, 158 N. Y. Supp. 330.

Frederick E. Weeks, Dist. Atty., of White Plains, for the People. Huntington W. Merchant, of New York City (George Gordon Battle, of New York City, of counsel), and Michael J. Tierney, of New Rochelle, for defendant.

PLATT, J. The defendant is indicted under section 1857 of the Penal Code for unlawfully and willfully omitting to perform a duty enjoined by law upon him as a public officer. A motion was made on the grand jury minutes to dismiss the indictment, which involved the question of the sufficiency of the evidence taken before them.

This motion is made to dismiss the sixth count of the indictment, and involves the question of the sufficiency of the facts found and returned by the grand jury from such evidence. Section 275 of the Criminal Code provides, among other things, that:

"The indictment must contain: A plain and concise statement of the act constituting the crime, without unnecessary repetition."

This is a commendable law. It requires a statement of the nature of the act complained of and the time and place of its commission as nearly as they can be ascertained. This "identifies the occurrence and enables the defendant to properly meet the charge." People v. Corbalis, 178 N. Y. 516, 71 N. E. 106.

The count sought to be dismissed charges in substance that the defendant, being warden of Sing Sing Prison and as such given a general supervision over the government, discipline, police, health condition, and safe-keeping of the prisoners, etc., on divers days between December 1, 1914, and the date of the indictment (December 28, 1915), nearly 13 months, did omit to perform said duty imposed upon him by law, as he unlawfully and willfully did commit various unlawful and unnatural acts with inmates of said prison, to wit: Paul Vogel, James Connolly, Max Kleinberg, Henry De Laura, Sidney Welsh, and various other inmates of Sing Sing Prison.

The claim of the defendant that this terse term of the indictment, "unlawfully and willfully did commit various unlawful and unnatural acts with the inmates," naming five and alleging various others, is not a "plain and concise statement of the act constituting the crime," raises for our consideration the question of what the grand jury actually and certainly meant thereby. What does it actually and unmistakably give the defendant to understand he is charged with doing to one or more of the persons named, or various others, during these 13 months, so that he may prepare to disprove them on the trial without surprise? It is true the sodomy statute is entitled "Crime Against Nature"; but this falls far short of enacting that that crime, which may be committed in various ways, is the only unnatural act prohibited by law. Unfortunately unnatural acts are numerous, as are unlawful ones; look at the European situation.

Section 275 of the Criminal Code was well in mind when this indictment was framed, as evidenced, for instance, by the second count, which enumerates 39 instances. We cannot assume that the grand jury had evidence before it that the defendant had committed high felonies and then only indicted him for a misdemeanor. If A. enters the house of B. under circumstances constituting burglary in the first degree and there steals a pewter watch, he is not to be indicted for the larceny and discharged of the felony.

With what or which, then, of the numerous acts included in the general phrase, "various unlawful and unnatural acts with inmates of

Sing Sing Prison" named, is this defendant to be called upon to account for, without knowing when they are claimed to have been committed, except that it was some time of the day or night during a period of nearly 13 months? The count coming last in the indictment may have been intended as a résumé of pleading; but this would not justify its retention, unless it states acts that constitute a crime.

A demurrer to the indictment was overruled, without considering the question here involved; but this simply upheld or retained the bill for all the purposes of a trial, at which time it would be the duty of the court to dismiss the count under section 331 of the Criminal Code, as it is now its duty under section 671 in furtherance of justice and public economy.

It is apparent that much more might be said and numerous authorities cited on the many questions presented on this motion, but in view of the very able counsel engaged on both sides of the case this is unnecessary.

This motion is granted. Enter accordingly.