THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LESLIE
     LAFUNAY and Another, Defendants.

County Court, Fulton County, August 31, 1926.

Crimes — indictment — arson — one count charged burning of house
   situated in named city which belonged to named person while occupied
   by five named persons — second count charged burning of dwelling
   house of another person situated in same city and occupied by same
   persons — indictment not defective under Code of Criminal Procedure,
   §§ 278 and 279, as charging more than one crime.

An indictment for arson is not defective under sections 278 and 279 of the Code
   of Criminal Procedure on the ground that it charges more than one crime, which
   charges in one count that the defendants burned, in the night time, a certain
   dwelling house, the property of a named person and located in a named city
   which was at the time occupied by five named persons, and which charges in
   another count that the defendants burned, in the night time, a dwelling house
   situated in the same city and occupied by the same five persons but belonging
   to another person. It is clear from the indictment that the defendants are
   charged in both counts with burning the same dwelling house.

DEMURRER to indictment on ground that it charges more than
one crime in violation of sections 278 and 279 of the Code of Crim-
inal Procedure.

*Alfred D. Dennison, District Attorney,* for the plaintiff.

*B. W. Kearney* [*Charles E. Hardies* of counsel], for the defendants.

- BUTLER, Acting Judge. The indictment accuses the defendants
of the crime of arson in the first degree.

The indictment contains two counts. The first count charges
that on or about the 17th day of April, 1926, at the city of Glovers-
ville, county of Fulton and State of New York, with force and arms
in the night time of said day, the dwelling house of one Leslie
Lafunay and Rose Lafunay, then and there situate, the same being
a building usually occupied by persons lodging therein at night,
and there being then and within the said dwelling house some human
being, to wit, naming five persons, feloniously, willfully and
maliciously did set on fire and burn, against the form of the statute
in such case made and provided, etc.

The second count of the indictment charges defendants with
burning a dwelling house on or about the 17th day of April, 1926, at
the city of Gloversville, county of Fulton and State of New York, in
the night time a dwelling house of one William F. Furbeck; and names
therein the same five persons mentioned in the first count of the indict-
ment as occupying the dwelling house at the time of the burning.

The defendants have jointly and severally demurred to said indict-

ment on the ground that the same charges more than one crime in violation of sections 278 and 279 of the Code of Criminal Procedure.

This question was recently before the Court of Appeals under an indictment charging defendant with keeping and maintaining a disorderly house. In that case the first count of the indictment charged the defendant with keeping and maintaining a disorderly house on the 26th day of Spetember, 1924, in the town of Highlands in the county of Orange. The second count charged that the defendant at the same time, in the same town, and in the same county, kept and maintained " a certain house of prostitution." In that case the court held that the indictment did not charge two separate and distinct crimes. The court in the course of its opinion says: " We are of the opinion that is too narrow and technical a construction. We have long since passed the time when an indictment is to be adjudged defective because the words ' said ' or ' aforesaid ' or ' referred to ' are not used. * * * under the strict and technical rules of the common law this indictment might be regarded as bad, but under the liberal procedure established by the Code of Criminal Procedure we find the indictment good." (*People* v. *Williams*, 243 N. Y. 162.)

Under the Code of Criminal Procedure if the acts charged as a crime are plainly and concisely set forth with such a degree of certainty as to enable the court to pronounce judgment according to the justice of the case without regard to technical errors or defects which do not affect the substantial rights of the parties the indictment will be regarded sufficient in law. (*People* v. *Helmer*, 154 N. Y. 596; *People* v. *Willis*, 158 id. 392).

In the case of *People* v. *Fanshawe* (65 Hun, 77; affd., 137 N. Y. 68) it was decided that an indictment charging defendant with having set on fire a dwelling house and stating in one count that it belonged to a certain person named, and in another count that it belonged to another person, where it is apparent from the location, the similarity of dates, and the identity of the persons stated to have been in the house, that the same house was meant in each count, does not charge two distinct offenses of arson. The second count of the indictment in question charges defendants with burning a dwelling house in the night time on the same date as the first count, in the same city and names the same persons as being in the house. I do not think the defendants can be misled by the language of this indictment. If there is any doubt as to whether or not the dwelling house mentioned in the second count is the same as the one mentioned in the first count, the defendants can make a motion for a bill of particulars. (*People* v. *Weiss*, 158 App. Div. 235.)

The demurrers are, therefore, disallowed.